AO 472 (Rev. 3/86) Order of Detention Pending Trial
======================================================================

# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **Criminal No. 05-84-P-S** |
| ) | |
| **RASHAUN JONES,** ) | |
|     **Defendant** ) | |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C., Section 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

[ ]   (1)   The defendant is charged with an offense described in 18 U.S.C. Section 3142(f)(1) and has been convicted of a (federal offense)(state of local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  [ ] a crime of violence as defined in 18 U.S.C. Section 3156(a)(4).
  [ ] an offense for which the maximum sentence is life imprisonment or death.
  [ ] an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____.
  [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. Section 3142(f)(1)(A)-(C), or comparable state or local offenses.

[ ]   (2)   The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

[ ]   (3)   A period of not more than five years has elapsed since the (date of conviction)(release of the defendant from imprisonment) for the offense described in finding (1).

[ ]   (4)   Findings Nos. (1)(2) and (3) establish a rebuttable presumption that no condition or combination or combinations of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

[X]   (1)   There is probable cause to believe that the defendant has committed an offense

        [X]   for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

        [ ]   under 18 U.S.C. Section 924(c).

[ ]   (2)   The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

[X]   (1)   There is a serious risk that the defendant will not appear.

[X]   (2)   There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II - Written Statement of Reasons for Detention

The defendant is charged by superceding indictment with conspiracy to distribute and possess with intent to distribute one kilogram or more of a mixture or substance containing heroin and a mixture or substance containing cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). The indictment also alleges that the penalty provisions of 21 U.S.C. § 841(b)(1)(A) apply. The defendant is thus exposed to a mandatory minimum term of imprisonment of 10 years and a maximum term of life. The government has invoked the presumption contained in 18 U.S.C. § 3142(e) and seeks to have the defendant detained both as a risk of flight and a danger to the community.

At the detention hearing, the defendant presented the testimony of his uncle, Christopher Carpenter, who expressed a willingness to serve as a third-party custodian, to supervise the defendant's compliance with all conditions of release and to report any violations. Mr. Carpenter further stated that the defendant could live with him in his home in Portland, Maine. The defendant proposed that he be released to the third-party custody of Mr. Carpenter with conditions.

The defendant has rebutted the presumption contained in 18 U.S.C. § 3142(e) as it relates both to risk of flight and danger to the safety of the community. The effect of the rebuttal is to relieve the defendant of the burden of production. *United States v. Jessup*, 757 F.2d 378, 386 (1st Cir. 1985). Despite the rebuttal, I am nevertheless required to keep in mind the fact that Congress has found that "flight to avoid prosecution is particularly high among persons charged with major drug offenses." S. Rep. No. 225, 98th Cong., 1st Sess. 20 (1983); *Jessup* at 384. The legislative history also reveals that, in establishing the statutory presumption that "no condition or combination of conditions will reasonably assure . . . the safety of the community . . .," 18 U.S.C. § 3142(e), Congress specifically had in mind defendants alleged to be involved in drug trafficking: "The Committee also emphasizes that the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the 'safety of any other person or the community.'" S. Rep., *supra* at 13. The statutory presumption was created partly because of concern for a high degree of pretrial recidivism. *Id*. at 20. *Jessup* teaches that the presumption not only imposes a burden on

the defendant to come forward with evidence to rebut this danger, but also requires the court in assessing any such evidence to pay heed to the congressional concerns.

The defendant, who is 25 years old and a resident of New Jersey, was arrested in Scarborough, Maine on December 29, 2005 at the Townplace Suites By Marriott in a room rented and paid for by Mr. Carpenter.  At the time of the arrest, the arresting agents found in the room multiple controlled substances including marijuana, heroin and ecstasy pills.  Mr. Carpenter was stopped while in an automobile in an adjacent parking lot, apparently just prior to the defendant's arrest.  Although he was not himself arrested, Carpenter's cell phone was examined at the time by the agents who stopped him and the defendant's cell phone number was found in the cell phone's so-called "phone book" storage under the name "Smoke".

Carpenter, in his detention hearing testimony, stated that he had moved to Portland from New Jersey two months ago and was living in Portland with his girlfriend and some children.  He further stated that he was employed part time by NAPA Auto Parts as an order puller and that he earned no more than $200 a week, if that.  He made clear that he now considers Portland his home and intends to stay here.  Carpenter denied that he knows the defendant as "Smoke" or that he knows who "Smoke" is.  When confronted on cross-examination with the fact that there is a "Smoke" listed in his cell phone directory, he testified that that is a woman he knows in New Jersey.  As for the rented hotel room, Carpenter testified that he rented the room so that a number of his nephews from New Jersey could explore this area of Maine that has become his home.  He acknowledged that he had inquired of the hotel about a three-week rate for the room he rented, claiming that he paid for the room by withdrawing funds from his bank account in New Jersey.  Carpenter admitted that he was aware of the presence of marijuana in the hotel room and that he and others who were present there were "indulging" in its use.  He denied any knowledge of the presence of heroin or ecstasy.

The defendant, who reports being in excellent health, has been unemployed since 2004.  He claims to have no source of income at the present time.  He admits to a present use of marijuana and alcohol, claiming last use on the day of his arrest.  His criminal history reveals a single charge of simple assault and criminal mischief for which he was arrested in New Jersey in January 2004.  That matter is still pending and there is an active warrant outstanding for the defendant's arrest.

In the circumstances, where the defendant is charged with a serious drug conspiracy, is himself a drug user and has no identified source of income, the defendant very much fits the paradigm on which the rebuttable presumption is based.  Any conditions of release would have to include reliable third-party supervision.  I do not find that the defendant's proposal satisfies that requirement.  First, I do not find Carpenter an appropriate third-party custodian, that is, one who could be relied upon to supervise the defendant's compliance with all conditions of release, to use every effort to assure his appearance as required and to notify the court immediately in the event he violates any conditions of release or disappears.  Not only do I find him not credible, but his own drug use – especially, with the defendant – itself renders him unsuitable.  Second, even if I had found Carpenter to be a suitable person to fill the role of third-party custodian, the fact is his work schedule is sporadic and prevents him from being present at home to supervise the defendant at all times.  Unsupervised house arrest and electronic monitoring will not themselves provide the

required level of assurance that the defendant will not flee and that the community will be protected from his continuing drug trafficking.

      Taking into consideration the congressional concerns that underlie the statutory presumption, including drug trafficking recidivism, as well as all of the available information concerning the factors listed in 18 U.S.C. § 3142(g), I find by a fair preponderance of the evidence that the defendant poses a serious flight risk and that there are no available conditions of release that will reasonably assure his appearance as required.  I also find, by clear and convincing evidence, that the defendant poses a danger to the safety of the community and that there are no conditions that will reasonably assure community safety  I therefore ***ORDER*** that the defendant be detained pending trial.

## Part III - Directions Regarding Detention

      The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extend possible, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: January 6, 2006

                                      /s/ David M. Cohen  
                                      David M. Cohen  
                                      U.S. Magistrate Judge