# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Docket no. 05-cr-84-P-S |
| RASHAUN JONES, | ) |
| | ) |
| Defendant. | ) |

## ORDER DENYING REQUEST FOR SENTENCE REDUCTION

Before the Court is Defendant's Pro Se Motion to Modify Impose Term of Imprisonment (Docket # 152), which was filed on August 5, 2011. Via this submission, the Defendant seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and the recent amendments to the Sentencing Guidelines related to crack cocaine.

At the original sentencing on October 6, 2006, the Court considered the applicable Guideline range as well as the factors laid out in 18 U.S.C. § 3553(a) and ultimately imposed a sentence of 188 months; this sentence was at the low end of the applicable Guideline range. Defendant appealed that sentence but the First Circuit ultimately affirmed it. While noting that it did not agree with the decision to hold Jones responsible for 826 grams of heroin (826 kilograms of marijuana equivalent), the First Circuit found harmless error with respect to including this amount of heroin in the overall drug calculation. See United States v. Jones, 523 F.3d 31, 41-42 (1st Cir. 2008).

In 2008, Defendant sought a sentence reduction which this Court denied prior to receipt of the First Circuit's ruling on Jones' appeal. (See Docket #s 132 & 135.) Jones subsequently appealed this denial. In a decision dated September 10, 2009, the First

Circuit summarily denied his appeal. In that decision, the First Circuit indicated that it did not believe that the original drug quantity calculation was clearly erroneous. (See September 10, 2009 Judgment (Docket # 152) at 2 & n. 1.)

In the pending motion for sentence reduction, Defendant explicitly argues that the Court should recalculate his drug quantity taking into consideration not only the recent amendments related to crack cocaine but also the language of the First Circuit's April 11, 2008 decision. If the Court were to undertake such a recalculation of Defendant's drug quantity, Defendant would now qualify for a lower base offense level of 32. However, given the language contained in the First Circuit's September 10, 2009 Judgment indicating that the original drug quantity finding was not clearly erroneous, the Court believes that it has no basis for excluding the 826 grams of heroin (826 kilograms of marijuana equivalent) discussed in the First Circuit's earlier decision.

The Defendant, acting pro se, presents an interesting question regarding how the Court should calculate now his drug quantity in light of the procedural and appellate history of this case. Ultimately, the Court concludes that the current record does not allow this Court to subtract 826 grams of heroin (826 kilograms of marijuana equivalent) from the original drug quantity calculation. Absent this subtraction, the recent amendments to the Guidelines do lower Jones' base offense level. Thus, the Court may not reduce the sentence pursuant to 18 U.S.C. § 3582(c). For this reason, the Court hereby DENIES Defendant's Motion (Docket # 152).

SO ORDERED.

/s/ George Z. Singal<br>U.S. District Judge

Dated this 14th day of November, 2011.