UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| RASHAUN JONES, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent ) | 2:05-cr-00084-GZS-2<br>2:09-cv-00202-GZS |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION
AND PETITION FOR RELIEF PURSUANT TO 28 U.S.C. § 1651 AND 28 U.S.C. § 2241**

Petitioner Rashaun Jones has filed a second or successive motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 166.) Alternatively, Petitioner seeks relief pursuant to 28 U.S.C. § 1651 and 28 U.S.C. § 2241. Petitioner previously applied to the Court of Appeals for the First Circuit for leave to file a second or successive section 2255 motion. The First Circuit denied Petitioner's application.

As part of its response to Petitioner's current motion, the Government moved for summary dismissal. After a review of Petitioner's motion and the Government's request for dismissal, the recommendation is that the Court grant the Government's request, and dismiss Petitioner's motion.

**FACTS AND PROCEDURAL HISTORY**

Following a jury trial, Petitioner was convicted in June 2006 of conspiracy to distribute cocaine base and one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), and subject to the penalties set forth in 21 U.S.C. § 841(b)(1)(A). (Verdict Form, ECF No. 92; Judgment, ECF No. 115.) The Court subsequently sentenced Petitioner to a term of 188 months in prison, followed by a term of five years of supervised release. (Judgment at 2-3.) The First

Circuit affirmed the conviction and the sentence. *United States v. Jones*, 523 F.3d 31, 33 (1st Cir. 2008).

Petitioner moved, pursuant to 18 U.S.C. § 3582, for a sentence reduction based on an amendment to the sentencing guidelines. (Motion, ECF No. 142.) After the Court determined that the amendment in question did not result in a lower base offense level for Petitioner, the Court denied the motion. (Order, ECF No. 143.) The First Circuit later affirmed the Court's decision. (U.S.C.A. Judgment, ECF No. 150.)

In May 2009, Petitioner filed a motion pursuant to 28 U.S.C. § 2255. (Motion, ECF No. 1.)[1] The Court interpreted his claims as follows: (1) "that the voice on a tape obtained by law enforcement through the use of a confidential informant was not his voice," which was an argument that Petitioner framed as a claim of ineffective assistance of counsel; and (2) ineffective assistance of counsel at trial and on appeal "for not challenging the warrantless search of the hotel room on the grounds that this search went beyond plain view when the investigating officers found a rice box containing drugs in a kitchen cabinet." (Recommended Decision, ECF No. 25, at 1; Order Affirming, ECF No. 27.) In June 2010, the Court granted the Government's motion for summary dismissal. (Order, ECF No. 27.) In March 2011, the First Circuit concluded that Petitioner failed to make the requisite showing of a denial of a constitutional right, and denied a certificate of appealability, pursuant to 28 U.S.C. § 2253(c)(2). (U.S.C.A. Judgment, ECF No. 37.)

---

[1] Petitioner's first 28 U.S.C. § 2255 motion was entered separately as civil case, No. 2:09-cv-00202-GZS. As was the Court's practice at the time, the Court docketed the filings related to the section 2255 motion under the civil docket number rather than the criminal docket number. That practice has since changed, and thus the pending motion and subsequent filings pertaining to that motion have been docketed under the criminal docket number.

In August 2011, Petitioner again moved, pursuant to 18 U.S.C. § 3582, for a sentence reduction. Through this motion, Petitioner argued that his drug quantity should be recalculated. (Motion, ECF No. 152.) The Court denied the motion, and in July 2012, the First Circuit affirmed the Court's decision. (Order, ECF No. 154; U.S.C.A. Judgment, ECF No. 163.)

In July 2013, Petitioner filed with the First Circuit an application for permission to file a second or successive section 2255 motion. (Application, U.S.C.A. No. 13-1923, July 22, 2013.) Petitioner relied on the Supreme Court's recent decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), in support of his application. The First Circuit denied the application, holding that "[b]ecause the Supreme Court has not declared its ruling in [*Alleyne*] to be retroactive to cases on collateral review, [Petitioner] may not rely upon it to satisfy § 2255(h)(2)'s gatekeeping requirement." (U.S.C.A. Judgment, ECF No. 165.)

Despite the fact that Petitioner was unsuccessful in his request to file a second or successive section 2255 motion, Petitioner filed the pending motion in an envelope addressed to this Court in late February 2014. (Envelope, ECF No. 166-1.) Petitioner did not acknowledge in the motion that the First Circuit had denied his application for permission to file a second or successive section 2255 motion. According to a letter written by the Clerk of the First Circuit, the motion was mistakenly filed in the First Circuit, but in accordance with the Clerk's instructions, the motion was docketed in this Court on March 3, 2014. (Motion, ECF No. 166; Letter, ECF No. 167 at 1.) Petitioner relies upon *Alleyne* in support of the motion, as he did in his application for leave to file the motion.[2] In addition to citing section 2255, Petitioner relies upon two additional statutes: 28

---

[2] Petitioner also cites *United States v. Delgado-Marrero*, 744 F.3d 167 (1st Cir. 2014), in his motion and his reply, in support of his argument that *Alleyne v. United States*, 133 S. Ct. 2151 (2013), applies retroactively. (Motion, ECF No. 166 at 2; Reply, ECF No. 169 at 2.) In *Delgado-Marrero*, the First Circuit held that *Alleyne* would be retroactively applied because the appeal in *Delgado-Marrero* was not yet final when *Alleyne* was decided. 744 F.3d at 185.

3

U.S.C. § 1651, known as the All Writs Act, and 28 U.S.C. § 2241, which authorizes the Court to grant writs of habeas corpus.

As part of its response to Petitioner's motion, the Government requests summary dismissal. (Response, ECF No. 168.) The Government argues that: (1) Petitioner has not received permission from the First Circuit to pursue a second or successive section 2255 motion; (2) Petitioner's attempt to characterize his motion as one filed pursuant to section 2241 or section 1651 fails (citing *Trenkler v. United States*, 536 F.3d 85, 97 (1st Cir. 2008)); (3) the Supreme Court has not held that *Alleyne* is to be applied retroactively to cases on collateral review, which the First Circuit recognized in its decision to deny Petitioner's motion for leave to file a second section 2255 motion; and (4) Petitioner raises no *Alleyne*-type issues. (Response at 2-6.)

## DISCUSSION

This Court lacks jurisdiction to consider a second or successive section 2255 motion unless the First Circuit specifically authorizes this Court to consider the motion. Title 28 U.S.C. § 2244, which, as set forth in section 2255(h), in part governs second or successive section 2255 motions, provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). First Circuit Rule 22.1(e) states in pertinent part: "If a second or successive § 2254 or § 2255 petition is filed in a district court without the requisite authorization by the court of appeals pursuant to 28 U.S.C. § 2244(b)(3), the district court will transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631 or dismiss the petition." The First Circuit has held: "We have interpreted [section 2255(h)] as 'stripping the district court of jurisdiction over a second or successive habeas petition unless and

4

until the court of appeals has decreed that it may go forward.'" *Trenkler*, 536 F.3d at 96 (quoting *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997)).

Perhaps recognizing his inability to prosecute another 2255 motion without the First Circuit's authorization, Petitioner cites 28 U.S.C. § 2241 and 28 U.S.C. §1651, and references the writ of audita querela.[3] Section 1651, known as the All Writs Act, "constitutes 'a residual source of authority to issue writs that are not otherwise covered by statute.'" *Trenkler*, 536 F.3d at 97 (quoting *Pa. Bureau of Corr. v. United States Marshals Serv.*, 474 U.S. 34, 43 (1985)). A petitioner "cannot evade the restrictions of § 2255 by resort to the habeas statute, 28 U.S.C. § 2241, or the All Writs Act, 28 U.S.C. § 1651." *United States v. Barrett*, 178 F.3d 34, 38 (1st Cir. 1999). Regardless of the writ that Petitioner may have attempted to invoke to support his motion, Petitioner's request for relief is in substance a section 2255 motion. That is, because Petitioner argues that the Supreme Court's decision in *Alleyne* (1) applies retroactively and (2) requires that a jury determine whether he had a leadership role in the offense (Motion at 1, 4.), Petitioner's motion falls squarely within section 2255.[4]

Section 2255 "cannot be sidestepped by the simple expedient of resorting to some more exotic writ." *Trenkler*, 536 F.3d at 97. "'[A]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover.'" *Id.* (quoting *Melton v. United States,* 359 F.3d 855,

---

[3] The First Circuit has noted that "[t]he writ of audita querela, introduced during the reign of Edward III, is sometimes available to reopen a judgment when an important matter concerning a defendant's case has arisen since the entry of the judgment." *Trenkler v. United States*, 536 F.3d 85, 90 n.2 (1st Cir. 2008).

[4] Section 2255(a) states in full:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

5

857 (7th Cir.2004) (emphasis in original)).[5] Given the substance of Petitioner's claim, Petitioner must assert his motion in accordance with section 2255. Because Plaintiff's motion is a second or successive motion, the motion is subject to the gatekeeping provisions of sections 2244 and 2255(h).

Significantly, the First Circuit rejected Petitioner's substantive *Alleyne*-based argument when it denied his application for leave to file a second or successive section 2255 motion. Petitioner thus did not obtain leave from the First Circuit to file the pending motion. This Court, therefore, lacks jurisdiction to consider the matter. *See Trenkler*, 536 F.3d at 96.

## CONCLUSION

Based on the foregoing analysis, the recommendation is that the Court grant the Government's motion for summary dismissal, dismiss Petitioner's section 2255 motion, and deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

June 24, 2014  /s/ John C. Nivison
U.S. Magistrate Judge

---

[5] Former 28 U.S.C. § 2255(1) is now codified at 28 U.S.C. §2255(a).